United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TOMOKO ISHIYAMA, et al.,

             Plaintiffs,

     v.

GOOGLE LLC,

             Defendant.

Case No.   22-mc-80192-EJD

**ORDER GRANTING EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

Re: ECF No. 1

Before the Court is Tomoko Ishiyama's *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding.  ECF No. 1.  For the reasons stated below, the ex parte application is GRANTED.

**I.     BACKGROUND**

Tomoko Ishiyama works in human resources at YOU Communications Corporation ("You TV") in Japan.  ECF No. 1 at 2.  On or about May 17, 2022, sales personnel at You TV and public relations personnel at You TV's parent company, Nice Corporation, received an email ("Email 1") from the email address "miura.daisuke.yb18@gmail.com" (the "Google Account").  *Id.*  The Google Account sent another email ("Email 2") to an email address distributed to all You TV employees on or about May 24, 2022.  *Id.*  Ms. Ishiyama contends that Email 1 and Email 2 (collectively "Subject Emails") falsely attributed to Ms. Ishiyama certain disparaging statements about employees of a You TV department.  *Id.*  She alleges that the Subject Emails were sent for harassment purposes and constitute defamation under Japanese law.  *Id.*  Ms. Ishiyama intends to bring a lawsuit in Japan against the person associated with the Subject Emails, and seeks

Case No.: 22-mc-80192-EJD
ORDER GRANTING EX PARTE APPLICATION
FOR DISCOVERY UNDER 28 U.S.C. § 1782
1

permission to serve a subpoena on Google LLC ("Google") for three categories of documents:

1. All DOCUMENTS identifying the users of ACCOUNT from the date the Google Account were created to the present, including all names, addresses (including postal codes), e-mail addresses (including email addresses used for recovery or other purposes), and telephone numbers.

2. All DOCUMENTS showing all names and addresses (including postal codes) of credit card holders registered on ACCOUNT.

3. All DOCUMENTS showing access log (including dates, times, IP addresses, and access type) of ACCOUNT from the date the foregoing account was created to the present, including access log for each login (namely, login history).

ECF No. 1-5 at 5–6.  The application is supported by the declaration of Yuichi Funakoshi, an attorney licensed in Japan.  ECF No. 1-1.

## II.      STANDARDS

Title 28 United States Code § 1782(a) provides federal court assistance in gathering evidence for use in foreign proceedings.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  The statute specifically authorizes a district court to order a person residing or found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation."  28 U.S.C. § 1782(a).  The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person."  *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

Even where the statutory requirements are met, the district court retains discretion in determining whether to grant an application under § 1782(a) and may impose conditions it deems desirable.  *Intel Corp.*, 542 U.S. at 260 (quotations and citation omitted).  In *Intel*, the Supreme

Court created a non-exhaustive list of factors to consider in ruling on a § 1782(a) request, including (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome.  *Id.* at 264–66.

## III.   DISCUSSION

### A.   Statutory Factors

The Court finds that Ms. Ishiyama satisfies the three statutory criteria of § 1782(a).

First, Ms. Ishiyama satisfies the residence requirement because Google is headquartered in and has its principal place of business in Mountain View, California, and therefore resides or can be found in this district.[1]  *See, e.g.*, *In re Med. Inc. Ass'n Takeuchi Dental Clinic*, 2022 WL 10177653, at *2 (N.D. Cal. Oct. 17, 2022) (Google met residence requirement under 28 U.S.C. § 1782(a) due to headquarters and principal location in Mountain View).

Second, Ms. Ishiyama has demonstrated that the discovery is sought for use in a proceeding before a "foreign or international tribunal."  If a § 1782(a) request is made when there is no pending proceeding, such a proceeding must be "likely to occur" or are "within reasonable contemplation."  *Intel Corp.*, 542 U.S. 241 at 258–59.  Crediting Ms. Ishiyama's representations, the requested discovery is intended for her pursuit of a complaint for defamation under Japanese Civil Code Article 709.  ECF No. 1-1 at ¶¶ 10–11.  Ms. Ishiyama indicates that she "intends to

---

[1] Ms. Ishiyama states only that Google "is located in" Mountain View, California.  ECF No. 1 at 3. The Court *sua sponte* takes judicial notice of the fact that Google is headquartered and has its principal place of business in Mountain View.  *See* bizfile Online, Cal. Secretary of State, https://bizfileonline.sos.ca.gov/search/business (search for "Google LLC" or file no. 201727810678) (last visited Dec. 23, 2022) (Google's principal address in Mountain View); Contact Us, About Google, https://about.google/intl/en_us/contact-google/ (last visited Dec. 23, 2022) (Google's headquarters in Mountain View; *see also Minor v. FedEx Office & Print Servs.*, 78 F. Supp. 3d 1021, 1028 (N.D. Cal. 2015) (citations omitted) (administrative agency records and publicly accessible websites are proper subjects for judicial notice).

Case No.: 22-mc-80192-EJD
ORDER GRANTING EX PARTE APPLICATION
FOR DISCOVERY UNDER 28 U.S.C. § 1782

United States District Court
Northern District of California

bring a lawsuit in Japan against the person associated with the Google account in question as soon as the person's identity has been ascertained through the discovery sought by this application. ECF No. 1 at 4. This representation meets the requirements of a "foreign or international tribunal" under § 1782(a). *In re Med. Inc. Ass'n Takeuchi Dental Clinic*, 2022 WL 10177653, at *2; *In re Takada*, 2022 WL 4913183, at *3 (N.D. Cal. Oct. 3, 2022).

Ms. Ishiyama also satisfies the third statutory requirement that she be an "interested person," which includes litigants before foreign or international tribunals. *Intel Corp.*, 542 U.S. 241 at 257. Ms. Ishiyama has demonstrated that she will bring a proceeding in Japan based on the discovery, and she will therefore be a litigant before the Japanese tribunal.

Accordingly, Ms. Ishiyama has satisfied all statutory requirements.

**B.     *Intel* Factors**

The *Intel* factors also weigh in favor of granting Ms. Ishiyama's *ex parte* application.

### 1.     Participation of target in the foreign proceeding

Turning to the first factor, which addresses whether the discovery target is or will be a participant in the foreign proceeding, the relevant inquiry is "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) ("[T]he first Intel factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity.") (quotation marks and citation omitted). Here, Google will not be a party in the civil action that will be initiated in Japan. ECF No. 1-1 at ¶ 14. Ms. Ishiyama contends that the documents she seeks are within the United States and therefore outside the Japanese courts' jurisdiction. ECF No. 1 at 4. "In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence." *In re Med. Corp. Takeuchi Dental Clinic*, 2022 WL

United States District Court
Northern District of California

1803373, at *3 (N.D. Cal. June 2, 2022) (citing *Intel*, 542 U.S. at 264). Accordingly, the first *Intel* factor weighs in favor of granting Ms. Ishiyama's request.

### 2. Receptivity of foreign tribunal to U.S. judicial assistance

The second *Intel* factor also favors granting the request. "Courts conducting this analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is likely to receive the evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040. Ms. Ishiyama's counsel attests that the evidence sought is a necessary pre-requisite to bringing the intended lawsuit because Japanese law requires civil litigant to state the names and addresses of all parties in the complaint. ECF No. 1-1 at ¶ 13. Additionally, counsel is unaware of any restrictions imposed by or any policies under Japanese law limiting U.S. federal court judicial assistance. *Id.* ¶ 15. Ms. Ishiyama also asserts that Japanese courts are receptive to discovery assistance from United States courts. ECF No. 1 at 5. Absent evidence that the Japanese civil court would object to Ms. Ishiyama obtaining and using the evidence sought by the subpoena, the second *Intel* factor weighs in her favor.

### 3. Circumvention of proof-gathering restrictions

The third factor—whether an applicant seeks "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"—also weighs in favor of granting Ms. Ishiyama's request. *Intel Corp.*, 542 U.S. at 265. "Courts have found that this factor weighs in favor of discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (quotations and citations omitted). As noted above, Ms. Ishiyama's counsel knows of no restriction imposed by or policy under Japanese law limiting proof-gathering in the manner available under § 1782(a). ECF No. 1-1 ¶ 15. As there is nothing to suggest that Ms. Ishiyama is attempting to circumvent Japanese proof-gathering restrictions, this factor also weighs in her favor.

United States District Court
Northern District of California

Case No.: 22-mc-80192-EJD
ORDER GRANTING EX PARTE APPLICATION
FOR DISCOVERY UNDER 28 U.S.C. § 1782

5

4.      **Unduly burdensome or intrusive discovery**

The fourth factor the Court must consider is whether the discovery sought is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265.  Discovery requests may be intrusive or burdensome if "not narrowly tailored temporally, geographically or in their subject matter." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1044.  Ms. Ishiyama's proposed subpoena seeks "all documents" identifying the user of the Google Account, including names, addresses, telephone numbers, and e-mail addresses; the names and addresses of credit card holders registered on the Google Account; and access logs (including dates, times, IP addresses, and access type) for the Google Account from the time of the account's creation to the present.

Ms. Ishiyama relies principally on the declaration of her Japanese counsel to explain why the access log information is necessary.  ECF No. 1-1 ¶¶ 12–13.  Crediting the explanation, the Court finds that Ms. Ishiyama seeks relevant information to identify the persons responsible for the alleged defamation, and that such information is necessary to file a complaint in Japan.  The subpoena "appropriately does not seek the content of any communications associated with the accounts at issue [or] disclosure of credit card numbers or any other sensitive information." *In re Med. Inc. Ass'n Takeuchi Dental Clinic*, 2022 WL 10177653, at *3.  The Court finds that the subpoena is narrowly tailored.  *See id.* (granting a § 1782 request for nearly identical discovery to that sought by Ms. Ishiyama); *In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *4–5 (N.D. Cal. Aug. 10, 2021) (same).

The Court therefore finds that the *Intel* factors weigh in favor of granting Ms. Ishiyama's request to serve a § 1782 subpoena on Google.

## IV.      CONCLUSION

Having considered applicant Ms. Ishiyama's *ex parte* application for an order pursuant to 28 U.S.C. § 1782 permitting discovery for use in foreign proceeding,

IT IS HEREBY ORDERED that:

1.   Ms. Ishiyama's application is GRANTED; and

2.   Ms. Ishiyama may serve the subpoena filed as ECF No. 1-5 on Google.

Case No.: 22-mc-80192-EJD
ORDER GRANTING EX PARTE APPLICATION
FOR DISCOVERY UNDER 28 U.S.C. § 1782

**IT IS SO ORDERED.**

Dated: December 27, 2022

EDWARD J. DAVILA
United States District Judge